IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    :
    Plaintiff
             :

    vs.         : CRIMINAL NO. 1:CR-05-426-02

             :

CLIFFORD E. FAKE,
    Defendant    :

*M E M O R A N D U M*

*I. Introduction*

On November 11, 2008, Defendant Clifford Fake, an inmate at SCI-Cresson, filed a motion pursuant to 28 U.S.C. § 2255 (doc. 125). After granting him leave to amend, Defendant filed his amended § 2255 motion (doc. 131) on February 26, 2009. The Government filed an opposition brief in response to our Order to Show Cause. In his motion, Fake asserts two grounds for relief, namely (1) lack of evidence to convict and (2) ineffective assistance of counsel. We will construe Fake's first ground for relief as seeking to withdraw his guilty plea. After review, we will deny defendant's § 2255 motion.

*II. Background*

On April 20, 2006, Fake pleaded guilty to a two-count indictment charging him with Health Care Fraud Resulting in Serious Bodily Injury in violation of 18 U.S.C. § 1347 and

Criminal Forfeiture pursuant to 18 U.S.C. § 982(a)(7) and 28 U.S.C. § 2461(c). (doc. 51). On January 24, 2007, he was sentenced to 218 months' imprisonment and ordered to pay restitution in the amount of $236,853.21. (doc. 69). The Third Circuit affirmed Fake's conviction and sentence. *See United States v. Fake*, 269 F.App'x 208 (3d Cir. 2008).

The charges stem from a residential personal care facility in Lebanon County, Pennsylvania operated by Fake and his wife. The Fakes participated in a number of state and federally funded programs to provide care to dependent individuals. An investigation revealed that the Fakes fraudulently obtained payments from these programs by submitting false documentation which overstated the level of care provided and the number of hours worked by the care providers. The failure to provide proper care to individuals at the facility also led to episodes of neglect and abuse.

*III. Discussion*

    *A. Procedural Default*

As noted, Fake pursued a direct appeal of his conviction and sentence. However, he did not challenge the validity of his guilty plea on appeal. The government argues that Fake procedurally defaulted this claim by not challenging its validity on direct review.

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)(citations omitted). Additionally, the validity of a guilty plea may only be attacked on collateral review if it was first challenged on direct review. *Id.* Failure to raise a claim on direct appeal results in procedural default of the claim, foreclosing collateral review unless the prisoner can show cause excusing the default and actual prejudice. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *See also United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993). A defendant may also overcome a procedural default if he can show that he is "actually innocent." *United States v. Garth*, 188 F.3d 99, 106 (3d Cir. 1999)(citations omitted). Actual innocence, meaning factual rather than legal innocence, requires a defendant to establish that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 107 (quoting *Bousley*, 523 U.S. at 623).[1]

---

[1] The government asserts that we should use a three-pronged test in evaluating Fake's attempt to withdraw his guilty plea. *See* doc. 134, p. 18. The Third Circuit cases using this test, however, address a defendant's attempt to withdraw a guilty plea after it has been accepted but before the court has sentenced the defendant.

3

The "cause" prong for an exception to procedural default requires a showing that "some objective factor external to the defense impeded counsel's efforts" to raise the claim. *Essig*, 10 F.3d at 979 (internal quotations omitted). To establish actual prejudice, a defendant must show "not merely that the errors at...trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. It is well settled that a successful claim of ineffective assistance of counsel "satisfies the 'cause' prong of a procedural default inquiry." *Garth*, 188 F.3d at 107.

Fake has raised ineffective assistance of counsel in his § 2255 motion. However, only one of his 12 arguments, styled as grounds for relief, asserts that his appellate counsel was ineffective for failing to challenge his guilty plea on appeal. Instead, 11 of his arguments allege that his attorney was ineffective at the plea and sentencing stages. These arguments go to the merits of whether his plea was knowing and voluntary, not to whether ineffective assistance "caused" his failure to challenge his guilty plea on direct review. *See Id.* Therefore, 11 of his 12 arguments are not relevant to our analysis.

We conclude that Fake's argument that appellate counsel was ineffective is not sufficient to establish the "cause" prong for an exception to procedural default. In order for ineffectiveness to constitute "cause," it must rise to a level of

4

constitutional deprivation. The defendant must show that "'counsel's representation fell below an objective standard of reasonableness,'" and that the deficient representation prejudiced the defendant to the extent that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Mannino*, 212 F.3d 835, 840 (3d Cir. 2000)(quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Defendant's allegations amount to mere assertions and legal conclusions. He has not met his burden of showing that appellate counsel's representation fell below an objective standard of reasonableness.

The second exception to procedural default requires Fake to establish that he is actually innocent. *Garth*, 188 F.3d at 106. Contrary to his assertion, the evidence clearly indicates that it is more likely that not that a reasonable juror would have convicted him of the crimes as charged. Also, as we indicated earlier, the Third Circuit affirmed his conviction. We, therefore, conclude that Fake is procedurally barred from challenging his guilty plea through a § 2255 motion. Even if he was not procedurally barred from challenging his guilty plea, we would reject Fake's attempt to withdraw his plea two years after the imposition of sentence.

Federal Rule of Criminal Procedure 11 governs the plea process. Rule 11(d) allows a defendant to withdraw a guilty plea

for any or no reason if the defendant does so prior to the court's acceptance of the plea. *Id*. at 11(d)(1). If the defendant seeks to withdraw the plea after its acceptance but before sentencing, he may do so upon a showing of a fair and just reason. *Id*. at 11(d)(2)(B). After sentencing, however, "the plea may be set aside only on direct appeal or collateral attack." *Id*. at 11(e). "The standard for withdrawal of a guilty plea after sentencing is considerably more stringent," and requires a showing of a "'fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the demands of fair procedure.'" *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). We will deny a post-sentence motion to withdraw a guilty plea "'unless manifest injustice to the defendant will result.'" *Paradiso v. United States*, 482 F.2d 409, 416 (3d Cir. 1973) (quoting *United States v. Stayton*, 408 F.2d 559, 561 (3d Cir. 1969)).

Fake has the burden of establishing that his guilty plea was neither knowing nor voluntary. *United States v. Stewart*, 977 F.2d 81, 85 (3d Cir. 1992). When we look back to a defendant's statements at a plea hearing,

> the representations of the defendant, his
> lawyer, and the prosecutor at such a hearing,
> as well as any findings made by the judge
> accepting the plea, constitute a formidable
> barrier in any subsequent collateral
> proceedings. Solemn declarations in open
> court carry a strong presumption of verity.

> The subsequent presentation of conclusory
> allegations unsupported by specifics is
> subject to summary dismissal, as are
> contentions that in the face of the record are
> wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Fake's unsupported claim that he did not voluntarily and intelligently plead guilty has no support in the record. At his plea hearing, Fake was placed under oath, informed of the constitutional rights he was waiving by pleading guilty, and questioned about his understanding of the plea and its consequences. During the hearing, the government outlined its evidence against him and Fake agreed that it was a "reasonable and fair summary of the situation." (doc. 106, pp. 12-13). Fake's agreement came after the Court told him "to feel perfectly free to say so" if he had "any disagreement or if there's any qualification that you want to offer." *Id*. at 10. After asking Fake if he had any questions about anything or did not understand anything, the Court asked for and accepted his plea as voluntary and informed. *Id*. at 14. Fake acknowledged that he was not promised anything in connection with his plea and that he was not threatened in anyway to plead guilty. *Id.* Fake made no mention of any impairment, medical or otherwise, which might have suggested that he did not understand the proceedings. Based on this, as well as our own observation and communication with Fake at the hearing, there was nothing which would have alerted us that

7

he did not voluntarily and intelligently plead guilty. Therefore, Fake's assertion concerning the voluntariness of his plea, made nearly two years after sentencing, does not meet his burden for withdrawing his plea and we will deny relief.

   *B. Ineffective Assistance of Counsel*

   In *Strickland*, the Supreme Court set forth a two-prong test for ineffective assistance of counsel claims. A defendant must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was prejudicial. *Strickland*, 466 U.S. at 688.[2] For the prejudice prong, a defendant must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* at 694.[3]

   Fake's first, second, third, fourth and sixth grounds for relief fail to show that counsel's representation fell below an objective standard of reasonableness. Therefore, we will deny him relief on these grounds.

   Fake argues that he was denied effective assistance of counsel when he was represented by his wife's counsel in his state

---

[2] The court need not address both prongs if the petitioner has failed to satisfy one of them. *Strickland*, 466 U.S. at 697.

[3] As we indicated earlier, the Defendant has raised 12 arguments in support of his ineffective assistance of counsel claim. We rejected his argument that appellate counsel was ineffective. We will address his remaining arguments, found on page 30 of his Amended § 2555 Motion.

8

court proceedings. However, before this Court, Defendant and his wife were represented by separate counsel when they entered their guilty pleas. Any ineffective assistance of counsel that may have occurred during his state court proceedings is outside the purview of a § 2255 motion. This ground for relief may be raised in state post-conviction proceedings. This ground for relief will be denied.

In his seventh ground for relief, Fake argues that his counsel was ineffective for failing to file a motion to withdrawal his guilty plea before sentencing. As we indicated earlier, Fake would not be able to meet the lesser standard of withdrawal before sentencing. Since this motion would be denied if made, Fake cannot show that he was prejudiced by counsel's alleged inaction. We will deny this ground for relief.

Fake's eighth, ninth and eleventh grounds for relief involve counsel's effectiveness during sentencing. The court of appeals addressed on direct review Defendant's objections to sentencing. Since the Third Circuit rejected his arguments, Fake cannot show that he was prejudiced by counsel's alleged inaction. We will, therefore, deny these grounds for relief.

Finally, Fake claims that he was coerced by counsel into accepting a guilty plea. This assertion is contradicted by the record and Fake's statements during his plea hearing. We will deny this ground for relief.

9

*IV. Certificate of Appealability*

Based on the analysis in this Memorandum, we will deny a certificate of appealability.

<pre>
                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge
</pre>

Date: May 27, 2009

10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
    Plaintiff
                                :

    vs. : CRIMINAL NO. 1:CR-05-426-02

                                :
CLIFFORD E. FAKE,
    Defendant :

*O R D E R*

AND NOW, this 27th day of May, 2009, upon consideration of Defendant's motion under 28 U.S.C. § 2255 (docs. 125, 131), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's § 2255 motion is denied.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge